## CHARLES A. SAVAGE *et al.* agt. CYRUS CARPENTER.

Where defendant and another person swore positively to the service of a declaration on defendant, on the *ninth* of April, and gave circumstances as evidence of their knowledge of the time; and the plaintiffs' attorney swore that he made the service on the defendant on the *tenth* of April, and on the same day, and soon after it was made, he entered the service, and the time of making it, in his register; held, that the entry made in the attorney's register on the same day the service was made must control, and be considered conclusive as to the time of the service.

*June Term*, 1846.

MOTION by defendant to set aside appearance, default and all subsequent proceedings, for irregularity.

Defendant's papers showed that this suit was commenced by declaration, which was specially entitled of the ninth of April, 1846, and was filed April 10th, 1846. Judgment perfected against the defendant by default on the 5th May last. Defendant's affidavit stated that on Thursday, the *ninth* of April, 1846, at Brockport, in the county of Monroe, a copy of the declaration, with a notice to plead thereon endorsed, was served on defendant by Stephen Wheeler; no other service was made on him at any other time; defend-[*170] ant's attention *was called to the time of such service by counsel, consulted by him soon after it was made, and the time was fixed in defendant's memory; that Edward Sanford, then of Brockport, was present, and worked with defendant when the service was made, and defendant called his attention to the time soon after: also that defendant knew the time, from the place at which he was at work, and the work about which he was then engaged, and was perfectly clear and distinct in his recollection that it was the *ninth* day of April. Edward Sanford's affidavit stated that he was at work with the defendant at a job of painting, when the copy declaration was served on defendant, by Stephen Wheeler, and his attention was called to the time of service soon after, by the defendant, and he knew that the service was made on Thursday, the *ninth* of April last, and was sure of it from the circumstance,

Cary agt. Livermore.

among others, that on Friday, the 10th of April, Andrew Eaton, who was also at work with defendant, at the time of the service, left Brockport and started for Seneca Falls.

Plaintiffs' papers showed, from the affidavit of Stephen Wheeler, plaintiffs' attorney, that on the *tenth* day of April, 1846, he served upon defendant, personally, the copy declaration in this cause, and at the time of such service the defendant was at work alone; that neither Edward Sanford nor any other person was present, nor was there any person in sight or hearing of them, to the best of his knowledge and belief; *soon after, and on the same day of the service, he entered the service, and the time, in his register of causes,* and from the date of the entry, and from other circumstances, he knew the service was made on the *tenth* day of April last. The affidavit of service was filed, and defendant's default entered on the 2d May last.

J. H. COLLIER, *defendant's counsel.*

J. FULLER, *defendant's attorney.*

P. CAGGER, *plaintiffs' counsel.*

S. WHEELER, *plaintiffs' attorney.*

JEWETT, Justice. Denied the motion, without costs, and with leave to defendant to plead on payment of costs of default and subsequent proceedings, and held, that the entry in the attorney's register of the time of the service, it being done the same day, must control and be held conclusive that it was made on the 10th of April.